UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                              CASE NO. 19-11185-BKC-MAM

SANDRA LEONOR SAENZ,                                CHAPTER 7

    Debtor.

_____/

**TRUSTEE'S EX PARTE MOTION TO SCHEDULE HEARING
ON FIRST AND FINAL FEE APPLICATION OF SPECIAL ISRAELI COUNSEL
ON OR BEFORE APRIL 15, 2026**

Nicole Testa Mehdipour, Chapter 7 Trustee (the "Trustee"), by and through undersigned counsel, respectfully moves this Court, pursuant to Local Rule 9013-1, for entry of an order scheduling a hearing on the *First and Final Fee Application of Itzchak Zecharia, Advocate, and the Law Office of Itzchak Zecharia* ("Israeli Counsel") [ECF # 118] on or before April 15, 2026[1], and in support states as follows:

1.      On March 9, 2026, Israeli Counsel (by and through the undesigned) filed their First and Final Fee Application (the "Fee Application")[2] seeking approval of fees and reimbursement of expenses for services rendered as special Israeli counsel to the Trustee in this case.[3]

---

[1] Undersigned counsel will not be available from March 31, 2026 through April 8, 2026. Therefore, the undersigned requests this honorable court schedule the hearing to the extent possible, no earlier than April 9, 2026 given the unavailability, and the need to serve parties with hearing no less than 21 days.

[2] An interim application is not appropriate as the work performed by Israeli Counsel in Israel is now complete. Israeli Counsel's final report was submitted to the Israeli court, together with a request to defer the oversight fees charged by the Israel Oversight Authority (the equivalent office to the U.S. Trustee's Office). Israeli Counsel expects those fees to be waived with no further issues. However, to the extent such fees are assessed, Israeli Counsel will advise the Trustee and a determination will be made whether to remit the fees or seek to continue to oppose them. Should any additional work be required, a supplemental application will be submitted.

[3] Undersigned counsel will endeavor to file all other fee applications in this case prior to the hearing date, with the expectation that those applications will be addressed as part of the Trustee's Final Report process. This motion seeks an expedited hearing solely on Israeli Counsel's Fee Application given the particularities of the cross-border payment issue described herein.

2.      The net sale proceeds from the successful recovery and sale of the Debtor's real property located in Jerusalem, Israel are currently held in Israeli New Shekels (NIS) in Israeli Counsel's trust account at Bank Leumi Israel.

3.      This Court's *Order Granting Trustee's Expedited Motion to Approve the Bidding Process and Sale* [ECF # 115] specifically contemplated that Israeli Counsel's approved fees and expenses would be paid from the sale proceeds held in Israel prior to the transfer of net proceeds to the United States.

4.      Payment of Israeli Counsel's fees from the funds currently held in Israel, before those funds are converted and transferred to the United States, avoids unnecessary and costly cross-border wire transfers, multiple currency conversions, and the associated exchange rate risk that would result if the funds were first repatriated and then a separate payment wired back to Israel.

5.      An expedited hearing on the Fee Application will allow the Trustee to pay Israeli Counsel's approved fees directly from the Israeli trust account, transfer the remaining net proceeds to the United States, and proceed to file her Trustee's Final Report and proposed distribution contemporaneously and expeditiously.

6.      The United States Trustee has been advised of the Trustee's intent to seek a hearing on the Fee Application in advance of the Trustee's Final Report and has expressed no opposition to seeking a hearing on just this application.

7.      There are no remaining substantive matters in this case. The sole remaining steps are the approval of professional fees and the final distribution to creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter the proposed order, attached hereto as Exhibit A: a) scheduling a hearing on Israeli Counsel's First and Final Fee

Application on or before April 15, 2026[4]; and b) granting such other relief as the Court deems just

and proper.

Dated: March 10, 2026

> Ido J. Alexander, Esq.
> AlignX Law
> Counsel to the Trustee
> 12555 Orange Drive, Suite 4159
> Davie, Florida 33330
> Telephone: (954) 686-7399
>
> By:_____/s/_____
>        IDO J. ALEXANDER, ESQ.
>        Florida Bar No. 51892
>        ija@AlignXLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on March 10, 2026, to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

> By:_____/s/_____
>        Ido J. Alexander

---

[4] *See* FN #1.

**Exhibit "A"**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO. 19-11185-BKC-MAM

SANDRA LEONOR SAENZ,                     CHAPTER 7

        Debtor.
_____/

**ORDER GRANTING TRUSTEE'S EX PARTE MOTION TO SCHEDULE HEARING
ON FIRST AND FINAL FEE APPLICATION OF SPECIAL ISRAELI COUNSEL
ON OR BEFORE APRIL 15, 2026**

THIS MATTER came before the Court upon the *Trustee's Ex Parte Motion to Schedule*

*Hearing on First and Final Fee Application of Special Israeli Counsel* [ECF # ____], and the Court

having reviewed the Motion and being otherwise fully advised in the matter, it is hereby --

        **ORDERED** that

        1.        The Motion is **GRANTED**.

2.      The Court shall conduct a hearing on the *First and Final Fee Application of Itzchak Zecharia, Advocate, and the Law Office of Itzchak Zecharia* [ECF # 118] in this case on _____, 2026, at __:___.m.  The hearing will take place at the United States Bankruptcy Court located at 1515 N. Flagler Drive, Courtroom A, Room 801, West Palm Beach FL 33401. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3IJmn8ydPxj4 If a party is unable to register online, please contact Maria Romaguera, Courtroom Deputy, at 561-514-4109 or email Maria_Romaguera@flsb.uscourts.gov. All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

###

Submitted by:

Ido J. Alexander, Esq.
AlignX Law
Counsel to the Trustee
12555 Orange Drive, Suite 4159
Davie, Florida 33330
Telephone: (954) 686-7399

By:_____/s/_____
        IDO J. ALEXANDER, ESQ.
        Florida Bar No. 51892
        ija@AlignXLaw.com

(Attorney ALEXANDER shall serve a copy of the signed order on all interested parties and counsel and file with the court a certificate of service conforming with Local Rule 2002-1(F).)